IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE SIMPSON,

                    OPINION AND ORDER

          Plaintiff,

                    13-cv-776-bbc

     v.

SCOTT WALKER, J.B. VAN HOLLEN,
EDWARD F. WALLS, TIMOTHY HAINES,
SARA MASON, DIANE ESSER,
SHAWN GALLINGER, C.O. GODFREY,
TRAVIS PARR, SGT. PRIMMER,
CATHY JESS and JOHN DOE GUARDS,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Simpson, a prisoner housed at the Wisconsin Secure Program Facility, has filed a lawsuit raising several different claims against state prison officials. He has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. There are numerous other problems with his multi-claim complaint I will discuss in further detail below. After considering plaintiff's allegations, I will split up his various claims to comply with Federal Rule of Civil Procedure 20 and direct him to respond to this order, explaining which claim he wants to pursue in this lawsuit, whether he wishes to pursue his other claims in separate lawsuits and addressing the various other problems I

1

identify below regarding his allegations.

## OPINION

In his complaint, plaintiff raises the following claims:

- On July 25, 2013, defendant correctional officers assaulted him and performed an unnecessary anal cavity search.

- On August 12, 2013, defendant correctional officers assaulted him and performed an unnecessary anal cavity search.

- As a result of the incidents in which plaintiff was assaulted (in which he received conduct reports) as well as for other unidentified reasons, plaintiff has had over six years added to his confinement.

- From January 2012 to the present, plaintiff has not received medical examinations or treatment for his HIV or peliosis (according to the National Institutes for Health, peliosis is a condition in which cyst-like, blood-filled cavities form within organs, "Pathology of peliosis," http://www.ncbi.nlm.nih.gov/pubmed/15734106).

- Defendant Warden Timothy Haines did not take and file his official oath of office as required under Wisconsin statutes and therefore plaintiff's custody is unlawful. Defendants Department of Corrections Secretary Edward Walls and Division of Adult Institutions Administrator Cathy Jess "condone, approve and facilitate" Haines's unlawful custody of plaintiff.

There are numerous problems with plaintiff's attempts to bring these claims together in this lawsuit. First, as stated above, plaintiff has "struck out" under 28 U.S.C. § 1915(g); on at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Simpson v. Maas, No. 04-cv-29-bbc (W.D. Wis. March 29, 2004); Simpson v. Douma, No. 04-cv-298-bbc (W.D. Wis. June 30, 2004); Simpson v. Haines, No. 13-2146 (7th Cir. Oct. 25, 2013). This means that plaintiff will be allowed to proceed only on claims alleging that he is in imminent danger of serious physical

injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Of plaintiff's several asserted claims, only his claim that he is being denied medical care meets this standard. (There is a possibility that the standard is met by his claim that in recent days, he has twice been assaulted by correctional officers, provided that plaintiff amends his complaint to explain how he is *currently* in danger from prison staff.)

An additional barrier to plaintiff's proceeding in forma pauperis in this case is that he has not submitted a copy of his six-month trust fund account statement with his complaint. He will have to do so before I can decide whether he is financially eligible to proceed in forma pauperis.

Even if plaintiff did not face the 28 U.S.C. § 1915 imminent danger or financial eligibility hurdles, it is almost certain that he could not bring all of his claims together in this lawsuit because they seem to be against different defendants regarding separate incidents, which would violate Federal Rule of Civil Procedure 20. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Although plaintiff's allegations are spotty (he does not explain who was personally involved in denying him medical care and extending his term of confinement) it is almost certain that the officers who assaulted him are different from the staff who denied him medical care, who are probably different from the staff who extended the term of his confinement. This means that plaintiff would probably have to bring these claims in three separate lawsuits instead of together in this one.

Plaintiff attempts to tie all of these claims together by arguing that all of his problems are being caused by defendant Warden Haines's illegal custody of him. (The illegality is allegedly because the warden did not properly take and file his oath of office.) However, there are at least two problems with this argument. First, under 42 U.S.C. § 1983, a defendant cannot be held liable for a constitutional deprivation unless he is involved personally in the deprivation. Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003). Plaintiff does not explain how Haines was involved personally in any of the incidents about which he is complaining. Even if he was informed of them later, that is not enough to hold him liable. Moreover, although I will not summarily dismiss the claim at this point, it is almost certain that plaintiff's legal theory about Haines's oath is frivolous. Even assuming that Haines did not take his oath, plaintiff does not explain how Haines's failure to take the oath works a constitutional deprivation of any right of plaintiff. I cannot conceive of a plausible claim he could bring for this alleged problem. Therefore, I will not allow him to tie all of his claims into one lawsuit based on this overarching theory.

Finally, it is highly unlikely that plaintiff can bring a claim under § 1983 for an unlawful extension of his prison term. (Plaintiff does not ask to be released from custody earlier so I do not understand him to be bringing a habeas corpus claim; if he were, he would have to bring an entirely different action.) In Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court held that "a prisoner is barred from pursuing a § 1983 claim when 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence'" which includes challenges to the fact or duration of a plaintiff's confinement. Johnson v. Litscher, 260 F.3d 826, 830 (7th Cir. 2001) (quoting Heck, 512 U.S. at 478). The Supreme Court has extended the Heck ruling to include damage claims regarding prison disciplinary actions. Edwards v. Balisok, 520 U.S. 641 (1997). Thus, when a prisoner seeks damages based on allegations that imply the invalidity of a punishment imposed affecting the fact or duration of his confinement, the prisoner cannot proceed with a § 1983 claim until his disciplinary decision has been invalidated. Simpson v. Nickel, 450 F.3d 303, 306–07 (7th Cir. 2006) (Heck and Edwards held "that a prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack"). Plaintiff's statement that his confinement has been extended (rather than a statement that it was extended but that the extension was later rescinded) seems to make clear that the additional confinement has not been invalidated.

Before I can screen the merits of any of plaintiff's claims, he will have to respond to this order, explaining how he would like to address the problems I have identified in his allegations. His main choice will be to choose *one* of the following groups of claims to pursue

in this lawsuit:

- Lawsuit #1: On July 25 and August 12, 2013, defendant correctional officers assaulted him and performed unnecessary anal cavity searches. More than six years was added on to his term of imprisonment.

- Lawsuit #2: From January 2012 to the present, plaintiff has not received medical examinations or treatment for his HIV or peliosis.

- Lawsuit #3: Defendant Warden Timothy Haines did not take and file his official oath of office under Wisconsin statute and therefore plaintiff's custody is unlawful. Defendants Department of Corrections Secretary Edward Walls and Division of Adult Institutions Administrator Cathy Jess "condone, approve and facilitate" Haines's unlawful custody of plaintiff.

Plaintiff may choose to proceed on either (or both) of the lawsuits he does not pick to pursue under this case number by telling the court that he would like to have his other claims brought in separate lawsuits, but he will owe another $350 filing fee for each case he wants to pursue. To the extent that any of those claims do not satisfy the imminent danger standard, he will not be able to proceed on them unless he pays the full $350 filing fee up front.

Depending on which lawsuits plaintiff chooses to pursue, he will also have to submit an amended complaint giving more information about his claims so that I can properly assess the sufficiency of his claims in order to decide whether he may proceed in forma pauperis against any named defendants. In particular:

- If he chooses to proceed on his medical care claims, he will have to provide more allegations about *who* provided him inadequate medical care.

- If he chooses to proceed on his excessive force claims, he will need to explain how he was in imminent danger of serious physical harm at the time he filed his complaint, since the alleged incidents happened months before that.

6

- If he attempts to proceed with his claim about being given a longer prison sentence, he must explain whether the decision giving him the extension has been invalidated.

- If he attempts to proceed with the oath claim against defendant Haines, he will have to explain how that defect has actually harmed his constitutional rights.

No matter which claims plaintiff chooses to pursue, he will have to submit a six-month trust fund account statement so that I may decide whether he may proceed in forma pauperis.

ORDER

IT IS ORDERED that plaintiff Willie Simpson must respond to this order as set out in this opinion by December 27, 2013. If plaintiff fails to respond to the order, I will dismiss the case for his failure to prosecute it.

Entered this 9th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge