IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE SIMPSON,

                                      OPINION AND ORDER

              Plaintiff,

                                         13-cv-776-bbc

     v.

SCOTT WALKER, J.B. VAN HOLLEN,
EDWARD F. WALLS, TIMOTHY HAINES,
SARA MASON, DIANE ESSER,
SHAWN GALLINGER, C.O. GODFREY,
TRAVIS PARR, SGT. PRIMMER,
CATHY JESS and JOHN DOE GUARDS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Simpson, a prisoner housed at the Wisconsin Secure Program Facility, has filed a lawsuit raising several different claims against state prison officials. He seeks leave to proceed in forma pauperis. Plaintiff has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

      In a December 9, 2013 order, I stated that plaintiff raised the following claims in his complaint:

- On July 25, 2013, defendant correctional officers assaulted him and performed an unnecessary anal cavity search.

1

- On August 12, 2013, defendant correctional officers assaulted him and performed an unnecessary anal cavity search.

- As a result of the incidents in which plaintiff was assaulted (in which he received conduct reports) as well as for other unidentified reasons, plaintiff has had over six years added to his confinement.

- From January 2012 to the present, plaintiff has not received medical examinations or treatment for his HIV or peliosis.

- Defendant Warden Timothy Haines did not take and file his official oath of office as required under Wisconsin statutes and therefore plaintiff's custody is unlawful. Defendants Department of Corrections Secretary Edward Walls and Division of Adult Institutions Administrator Cathy Jess "condone, approve and facilitate" Haines's unlawful custody of plaintiff.

Dkt. #3. I explained that plaintiff could not bring all of these claims together in one lawsuit, both because not all of his claims qualified under § 1915(g)'s imminent danger standard and because they did not arise out of the same occurrence or series of occurrences as required under Federal Rule of Civil Procedure 20. Id. I instructed plaintiff that he would have to choose which claims he wanted to pursue in this lawsuit. Additionally, I directed plaintiff to submit his six-month trust fund account statement. Id.

Instead of following the court's directions, plaintiff responded by filing three separate amended pleadings, each raising different claims:

(1) Warden Haines has authorized security restraints and denied plaintiff's complaints about prison staff's actions, even though he has not taken his official oath of office, dkt. #4;

(2) Correctional officers have repeatedly assaulted him, dkt. #9; and

(3) A habeas corpus action challenging Warden Haines's custody of plaintiff because Haines has not taken his oath of office, dkt. #13.

Also, plaintiff has filed his trust fund account statement, from which I have calculated his

initial partial payment of the filing fee for this case as $0.08.

Plaintiff does not explain whether he wants to pursue all three of these lawsuits, which would mean that he would have to pay the $0.08 initial partial payment for each case, and he would ultimately owe $350 for each of the two civil rights lawsuits and $5 for the habeas action. Therefore, I will give plaintiff a short period of time to respond to this order, stating which of these three lawsuits he would like to pursue under this case number, and whether he would like to pursue the other two lawsuits under different case numbers. When he responds, plaintiff should also provide $0.08 initial partial payments for each of the lawsuits he wishes to pursue. Plaintiff should keep in mind that he is already required to pay the filing fee for one of these lawsuits—whichever one he chooses to pursue under this case number. If plaintiff fails to respond by the deadline or files another round of ambiguous responses, I will dismiss all of his proposed amended complaints.

Finally, I note that plaintiff has filed a motion for leave to take discovery before the preliminary pretrial conference under Federal Rule of Civil Procedure 26(d). Because plaintiff is not yet proceeding on any of his claims, I will deny his motion without prejudice to his renewing it if he is eventually granted leave to proceed on the case he chooses to pursue.

ORDER

IT IS ORDERED that

(1) Plaintiff Willie Simpson must respond to this order as set out in this opinion by

February 10, 2014.

(2) Plaintiff's motion to take early discovery, dkt. #8, is DENIED without prejudice.

Entered this 27th day of January, 2014.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge