IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE SIMPSON,

                      Plaintiff,

    v.

SARA MASON, DIANE ESSER,
SHAWN GALLINGER, C.O. GODFREY,
TRAVIS PARR, SGT. PRIMMER,
CAPTAIN FLANNERY, GARY BOUGHTON
and JOHN DOE GUARDS,

                      Defendants.

ORDER

13-cv-776-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiff Willie Simpson is proceeding on claims that defendant prison officials assaulted him and continue to threaten to kill him. In the April 25, 2014 screening order in this case, I set a briefing schedule on plaintiff's motion for preliminary injunctive relief, giving plaintiff until May 16, 2014 to file with the court and serve on defendants a brief supporting his claim, proposed findings of fact and any evidence he has to support his request for relief. Dkt. #23.

      Now before the court are two motions by plaintiff relating to the preliminary injunction briefing: a motion for extension of time to file his supporting materials and a motion to take discovery before the preliminary pretrial conference. Plaintiff states that he will not be able to submit appropriate materials in support of his preliminary injunction

motion without more time and opportunity for discovery.

With regard to the briefing schedule itself, there is no reason to grant any extension of time in a situation in which plaintiff has not yet filed his brief in chief. Nor is it realistic for plaintiff to conduct discovery when defendants are still in the process of making their appearances and filing an answer. The court set a briefing schedule on plaintiff's request for injunctive relief because he alleged he is in imminent danger of serious physical harm, but there is little reason to require plaintiff to follow a briefing schedule on the motion when the parties are not ready to do so and then litigate motions about the schedule.

The more prudent route is to deny without prejudice plaintiff's motion for preliminary injunctive relief along with his motions for an extension of the briefing schedule and to conduct early discovery. Magistrate Judge Stephen Crocker will address plaintiff's questions about discovery at the upcoming preliminary pretrial conference. After that, plaintiff will be free to conduct discovery and file a new motion for preliminary injunctive relief when he is ready to do so, keeping in mind that the point of such a motion is to grant immediate provisional relief at the beginning of the litigation. As the case approaches the summary judgment or trial stage, the parties will be litigating plaintiff's request for more permanent injunctive relief, making any request for preliminary relief irrelevant.

ORDER

IT IS ORDERED that

1. Plaintiff Willie Simpson's motion for preliminary injunctive relief, dkt. #1, is

DENIED without prejudice to plaintiff's refiling his motion at a later date.

2. Plaintiff's motion for an extension of the preliminary injunction briefing schedule dkt. #25, and his motion to take early discovery, dkt. #26, are DENIED.

Entered this 14th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge