IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

            ORDER

    Plaintiff,

            13-cv-776-bbc

  v.

SARA MASON, DIANE ESSER,
SHAWN GALLINGER, C.O. GODFREY,
TRAVIS PARR, SGT. PRIMMER,
CAPTAIN FLANNERY, GARY BOUGHTON
and JOHN DOE GUARDS,

    Defendants.

---

  In this case, plaintiff Willie Simpson is proceeding on claims that defendant prison officials assaulted him and continue to threaten to kill him. Now before the court is a motion by plaintiff asking the court to "seal [his] medical records in this case." Dkt. 33. Defendants state that they do not oppose the motion, and that if permitted by the court, they will file under seal any medical records they file with the court. Dkt. 35.

  I'm not ready to rule on this motion because I'm not sure what plaintiff is really asking the court to do. Perhaps he is just asking what defendants understand him to be asking: for the court to order his medical records to be sealed as they are submitted the court. But plaintiff does not explain what medical records he thinks will be submitted or how they might pertain to his claims. In addition, plaintiff states that he has a "right to privilege" under the Health Insurance Portability and Accountability Act and that the Wisconsin Department of Corrections has "adopted the HIPAA privacy rule." Although this is unclear, it sounds like plaintiff might have concerns about the discovery process itself and how and to whom defendants might disclose his

1

medical information. Moreover, the court is aware that the state usually asks for authorization from a prisoner before obtaining his medical file, but it is unclear whether plaintiff is attempting to raise any authorization issues in his motion or seek a protective order clarifying how defendants may use this information.

Because plaintiff's motion is vague, before I rule on it, I will ask plaintiff to supplement his motion with an explanation of his concerns, detailing what records he is talking about, the specific worries he has (whether that has to do with the records being viewed or disclosed by defendants or their submission to the court) and what specific steps he would like the court to take. I will give defendants a chance to respond.

In addition, although I understand plaintiff's wish for his medical records to stay as private as possible, it may not reasonable for a district court to seal in a blanket fashion any and all medical records it receives. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (court may seal medical records and limit their use in trial to extent that plaintiff's interest in privacy outweighs probative value of information contained in records); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("[T]hose documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."). In submitting their supplemental briefing, the parties should address these standards.

ORDER

It is ORDERED that plaintiff Willie Simpson may have until June 20, 2014 to submit supplemental briefing on his "motion to seal medical records," dkt. 33. Defendants may have until June 27, 2014 to file their response.

Entered this 6th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge