IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                                  Plaintiff,

v.

DANE ESSER, SHAWN GALLINGER,
C.O. GODFREY, TRAVIS PARR,
SGT. PRIMMER, GARY BOUGHTON,
THERAN GAGE, CHAD WINGER,
CHRISTOPHER FOLEY, LUCAS RUNICE,
THOMAS BELZ, MICHAEL SHERMAN,
MICHAEL COCKCROFT, LEVERNE WALLACE,
MATHEW SCULLION, KEITH WEIGEL,
and C.O. KERSTEN,

                                  Defendants.

ORDER

13-cv-776-jdp

---

      Plaintiff Willie Simpson brings claims that defendant prison officials at the Wisconsin Secure Program Facility made constant threats to harm or kill him, and on August 12, 2013, beat him, sexually assaulted him during a strip search, and forced him to crawl into his cell. A final pretrial conference and trial are set for January 25, 2016. Currently before the court is defendants' motion for reconsideration of the court's October 9, 2015, summary judgment opinion. Defendants seek reconsideration of my denial of their motion for summary judgment regarding plaintiff's claim that defendants Travis Parr, Shawn Gallinger, C.O. Godfrey, Dane Esser, Thomas Belz, Christopher Foley, Michael Sherman, Michael Cockcroft, Leverne Wallace, Mathew Scullion, Keith Weigel, and C.O. Kersten threatened to harm and kill him.

      The type of threatening harassment plaintiff alleges violates the Eighth Amendment when it involves "a credible threat to kill, or to inflict other physical injury." *Dobbey v. Ill.*

*Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). Defendants contend that plaintiff cannot sustain this type of a claim against Cockroft, Wallace, Scullion, Weigel, and Belz because they were not present at any of the alleged acts of violence that plaintiff believes were connected to the ongoing threats against him.

In the summary judgment order, I considered plaintiff's claim as follows:

> This is a relatively undeveloped area of Eighth Amendment law. The Seventh Circuit has noted that "[t]he line between 'mere' harassment and 'cruel and unusual punishment' is fuzzy," *id.*, and has been reluctant to call threats "credible" unless "it is accompanied by something, such as the presence of a weapon or other sign of force, from which one could reasonably infer that the inmate 'suffered the terror of instant and unexpected death or serious injury.'"
>
> ***
>
> In the present case, I understand plaintiff to be saying that defendants repeatedly threatened him with harm or even death. In his affidavit, he states that "between 1-1-2013 and October 2014 . . . [defendants] threatened to kill me without regard to any penological reason, calculated to harass me, humiliate me, abuse their power and cause unnecessary and wanton pain as punishment for my past confrontation with CO Thomas Belz" and that "[b]etween 7-25-2013 and 10-2-2014 [defendants] came to my cell routinely taunting and threatening me stating the use of the electronic taser on me on 7-25-2013 and 8-12-2013 fried me like a chicken and its not over they are going to kill me." Dkt. 148, at 1, 3. At his deposition, plaintiff had difficulty recalling individual incidents but did assert that each defendant involved in this claim made threats against him.
>
> ***
>
> Defendants also argue that the threats are not "credible" because they were not backed by any physical violence. Plaintiff discusses three alleged assaults, taking place July 25, 2013, August 12, 2013, and June 24, 2014. . . . I conclude that a reasonable jury could conclude that the threats were credible because they were backed by violence. . . .
>
> ***

2

> These first two alleged assaults are sufficient to prove the threats to be credible, making it unnecessary to decide whether plaintiff may use the June 24, 2014 incident postdating his complaint as evidence that the threats were credible. As for whether plaintiff may use this alleged attack as evidence at trial, the issue should be taken up by the parties in their motions in limine.

Dkt. 154, at 26-30 (footnote omitted) (quoting *Dobbey*, 574 F.3d at 446).

Defendants contend that Cockroft, Wallace, Scullion, Weigel, and Belz do not have the necessary personal involvement for liability under 42 U.S.C. § 1983 because they were not involved in any of the alleged acts of violence. I disagree. Plaintiff must show that any threat was credible, but he does not have to show that each actionable threat was made by a defendant who personally assaulted him. Although plaintiff's allegations about each specific threat made by defendants remain somewhat vague, he has raised a reasonable inference that all of the various threats were part of a pattern of behavior connected to the attacks. I stated as much in the October 9 order: "No reasonable officer would think that it was lawful to repeatedly threaten a prisoner with harm or death as part of a scheme of severe harassment backed by actual assaults of the prisoner." Dkt. 154, at 30.[1] Accordingly, I will deny defendants' motion for reconsideration.

None of this means that it will be easy for plaintiff to prove his claim about the threats. To prove liability against any single defendant, he will need to provide evidence proving that that particular defendant made credible threats against him. Even if he proves that a particular defendant made a threat against him, he will lose on that claim if the

---

[1] Defendants reserve similar arguments regarding defendants Kersten and Sherman, who were involved in only the June 24, 2014 incident that remains the subject of a motion in limine that the parties have not completed briefing. *See* Dkt. 161, at 2 n.1. Even if I excluded evidence of the June 24 attack, my reasoning above applies equally to these defendants' alleged threats.

evidence shows that the threat was a stray remark unrelated to the physical violence against him, barring some other reason to think that the threat was credible.

ORDER

IT IS ORDERED that defendants' motion for reconsideration of the court's October 9, 2015, summary judgment opinion, Dkt. 161, is DENIED.

Entered January 6, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge